IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CANDUS LEE SPENCER                                                                                    PLAINTIFF

v.                          Civil No. 5:22-cv-05021

ROBERT RAY SPENCER; and
ROBERT SHAWN SPENCER                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and has filed a motion for leave to proceed *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

### I.    DISCUSSION

On February 7, 2022, Plaintiff filed her Complaint (ECF No. 1) and an IFP Motion (ECF No. 2). That same day, an Order (ECF No. 3) was entered notifying Plaintiff that her IFP Motion was incomplete because she did not include a certificate of account. Plaintiff was directed to either file a completed certificate of account or pay the $402 filing fee by February 28, 2022.

Plaintiff did not submit the certificate of account or pay the filing fee by February 28, 2022. On March 10, 2022, a Show Cause Order (ECF No. 5) was entered. Plaintiff was given until March 31, 2022, to show cause why she failed to obey the Order of the Court. Plaintiff was advised that if she failed to respond to the Show Cause Order the case shall be subject to dismissal.

To date, Plaintiff has not filed a certificate of account, paid the filing fee, or responded to the Show Cause Order. She has not requested an extension of time to file her responses. No

mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 3 & 5).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.     CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas, this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case and her failure to obey the orders of the Court.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of April 2022.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE